# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| CARLOS ALBERTO GUTIERREZ HIDALGO,<br><br>    Petitioner,<br><br>v.<br><br>KRISTI NOEM, Secretary of the U.S. Department of Homeland Security; TODD M. LYONS, Director of U.S. Immigration and Customs Enforcement; Warden, West Tennessee Detention Facility; and PAM BONDI, Attorney General of the United States,<br><br>    Respondents. | No. 2:26-cv-02217-SHL-cgc |

## ORDER SETTING HEARING

On March 2, 2026, pro se Petitioner Carlos Alberto Gutierrez Hidalgo filed the Emergency Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241.[1] (ECF No. 2.) He states that he is a citizen of Venezuela who entered the United States on September 24, 2023. (Id. at PageID 3.) On October 30, 2025, Gutierrez Hidalgo was detained by ICE "without a criminal warrant." (Id.) After being diagnosed with colon cancer during ICE detention, he "challenges the constitutionality of his continued civil immigration detention and the denial of adequate medical care for a life-threatening medical condition." (ECF No. 2 at PageID 2–3.)

On March 4, the Court issued an order requiring Respondents to respond. (ECF No. 7.)

---

[1] At the same time, Gutierrez Hidalgo also filed four pro se motions: Emergency Motion for Temporary Restraining Order (ECF No. 3), Emergency Motion to Expedite Consideration (ECF No. 4), Emergency Motion for Stay of Removal (ECF No. 5), and Emergency Motion for Immediate Release (ECF No. 6). Because the relief sought in these four motions has either been included in the Court's March 4 Order (ECF No. 7) or may be more properly granted as part of the Court's consideration of the Petition, these four motions are **DENIED AS MOOT**.

Respondents filed their response five days later.[2] (ECF No. 10.) Respondents argue that Gutierrez Hidalgo's habeas Petition is improper because he "is not challenging the terms or validity of his detention; he is seeking release for the purpose of medical treatment." (Id. at PageID 107.) They further contend that, because Gutierrez Hidalgo does not mention the applicability of 8 U.S.C. §§ 1225 and 1226 to his detention, the Court should not grant the Petition on that basis. (Id. at PageID 106.)

Most relevant to this Order, they also contend that the Court should deny the Petition to allow another underlying matter in Immigration Court to proceed. (ECF No. 10 at PageID 114–15.) Although Gutierrez Hidalgo filed this Petition without legal representation, he is represented by counsel in Immigration Court. (Id. at PageID 105.) There, he has recently "conceded removability, withdrew all applications for relief, waived appeal, and requested the Immigration Court grant pre-conclusion voluntary departure pursuant to INA § 240B(a) and 8 C.F.R. § 1240.26(b)." (Id. at PageID 115.) Voluntary departure is the process by which an Immigration Judge ("IJ") "may permit an alien voluntarily to depart the United States at the alien's own expense," instead of undergoing removal proceedings. 8 U.S.C. § 1229c(a)(1). Gutierrez Hidalgo is scheduled for a hearing before an IJ on March 26 in that matter, and his attorney has filed a request to move that hearing to an earlier date, as early as March 10, 11, or 12. (Id. at PageID 115; ECF No. 10-3 at PageID 142–43.) If the IJ should grant his request for

---

[2] Respondents also move to substitute Christopher Bullock, Field Office Director of Immigration and Customs Enforcement, New Orleans Field Office, Immigration and Customs Enforcement, as the sole Respondent in this case, and to dismiss all remaining Respondents. (ECF No. 10 at PageID 101 n.1 (citing Rosciszewski v. Adducci, 983 F. Supp. 2d 910, 913–14 (E.D. Mich. 2013) ("[T]he ICE District Director is the proper respondent in a habeas petition brought by an alien . . . .")).) The motion to substitute the correct Respondent is **GRANTED**. The Clerk is **DIRECTED** to modify the docket to reflect that the sole Respondent in this case is Christopher Bullock, Field Office Director of Immigration and Customs Enforcement, New Orleans Field Office, Immigration and Customs Enforcement.

voluntary removal, then the IJ "may impose such conditions as he or she deems necessary to ensure the alien's timely departure from the United States." (ECF No. 10 at PageID 115 (quoting 8 C.F.R. § 1240.26(b)(3)(i)).) Thus, Respondents argue that "Immigration Court is the appropriate venue to consider Petitioner's request for voluntary departure and for any conditions to be imposed pending his departure." (Id.)

Given the apparent conflict between Gutierrez Hidalgo's Petition for immediate release before this Court and his request for voluntary removal before the Immigration Court, the Court finds good cause under 28 U.S.C. § 2243 to schedule a hearing as set forth below. See 28 U.S.C. § 2243 ("When the writ or order is returned a day shall be set for hearing, not more than five days after the return unless for good cause additional time is allowed.").

(1) The Parties shall appear before this Court for a hearing on the petition on **Monday, March 16, 2026, at 4:00 p.m.,** in Courtroom 1, Odell Horton Federal Building, Memphis, Tennessee.

(2) "Unless the application for the writ and the return present only issues of law the person to whom the writ is directed shall be required to produce at the hearing the body of the person detained." Id. Because there are issues of fact to be addressed, Respondents shall produce the body of the person detained at the hearing.

**IT IS SO ORDERED,** this 10th day of March, 2026.

s/ Sheryl H. Lipman  
SHERYL H. LIPMAN  
CHIEF UNITED STATES DISTRICT JUDGE