**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

<table>
<tr><td>CARLOS ALBERTO GUTIERREZ HIDALGO,</td><td>)<br>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>Petitioner,</td><td>)<br>)</td><td></td></tr>
<tr><td>v.</td><td>)<br>)</td><td></td></tr>
<tr><td></td><td>)</td><td>No. 2:26-cv-02217-SHL-cgc</td></tr>
<tr><td>CHRISTOPHER BULLOCK, Field Office Director of Immigration and Customs Enforcement, New Orleans Field Office, Immigration and Customs Enforcement,</td><td>)<br>)<br>)<br>)<br>)</td><td></td></tr>
<tr><td>Respondent.</td><td>)<br>)</td><td></td></tr>
</table>

**ORDER DISMISSING PETITION WITHOUT PREJUDICE**

Petitioner Carlos Alberto Gutierrez Hidalgo filed his pro se Emergency Petition for Writ of Habeas Corpus on March 2, 2026.  (ECF No. 2.)  He seeks immediate release from ICE custody, arguing that, after having been diagnosed with colon cancer while in detention, his "[c]ontinued detention without meaningful review" violates due process.  (Id. at PageID 1–3.)  Respondent Christopher Bullock responded on March 9, arguing that Gutierrez Hidalgo is making a "condition of confinement" claim, which could be brought under 42 U.S.C. § 1983, but which is not a proper habeas claim under 28 U.S.C. § 2241.  (ECF No. 10 at PageID 107.)

Separately, in Immigration Court, Gutierrez Hidalgo requested from the immigration judge ("IJ") an order granting voluntary departure, which the IJ granted on March 12.  (ECF No. 15 at PageID 163.)  The IJ also placed a condition on the order—that Gutierrez Hidalgo remain "under safeguards," meaning that he must "remain in custody until [he] departs from the United States."  (Id. (quoting In re M–A–S–, 24 I. & N. Dec. 762, 766 (B.I.A. 2009)).)

After the IJ issued his order, Bullock filed in this Court a supplemental response arguing

that, because Gutierrez Hidalgo has been granted voluntary departure under safeguards, his detention now falls under 8 C.F.R. § 240.25, not 8 U.S.C. § 1225, as previously.  Bullock argues that 8 C.F.R. § 240.25(b) authorizes the INS discretion to detain Gutierrez Hidalgo, and thus habeas relief cannot be granted and the Petition must be dismissed.  (ECF No. 15 at PageID 163–64.)  The Court held a hearing on the Petition on March 16.  (ECF No. 16.)

As the Court explained at the hearing, to the extent that Gutierrez Hidalgo's claim regards the conditions of his confinement, a habeas petition is not the correct vehicle to achieve relief.  See Martin v. Overton, 391 F.3d 710, 714 (6th Cir. 2004) ("[T]he district court should have dismissed the petition without prejudice to allow [petitioner] to raise his potential civil rights claims properly as a § 1983 action.").  Accordingly, the Petition is **DENIED WITHOUT PREJUDICE**.  If Gutierrez Hidalgo refiles his claims in the proper format, they will be considered.

At the same time, however, Gutierrez Hidalgo described in the hearing a troubling history of medical neglect at the West Tennessee Detention Facility, where he has been held since October 30, 2025.  According to him, after he was diagnosed with colon cancer while in detention, he was scheduled multiple times for a surgery that has still not taken place, despite the growing risk to his health.  On one occasion he described, the nearby hospital procured the wrong equipment to treat a man of his size, and, on another, the doctor was unavailable when he arrived.  Although Bullock argues that these two incidents were "out of the hands" of the detention facility, these events could demonstrate that the facility is not communicating effectively with the hospital amid a dire situation.  Also, Gutierrez Hidalgo told of yet another incident when the facility guards delivered him four hours late for his appointment.  His wife also reported at the hearing that an appointment had been scheduled for the same day as the

hearing, but neither of them had been informed of it.

These allegations are troubling.  They could amount to violations of the Eighth Amendment by a facility that contracts with the federal government and accordingly must abide by the Constitution.  Therefore, at the hearing, the Court emphasized the importance of Bullock's counsel's investigating these allegations, cautioning the facility administration about the unlawfulness of this alleged conduct, and urging them to take steps to expedite Gutierrez Hidalgo's urgent care.

**IT IS SO ORDERED,** this 17th day of March, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE