**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| CARLOS ALBERTO GUTIERREZ HIDALGO, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KRISTI NOEM, in her individual capacity as former Secretary, U.S. Department of Homeland Security; TODD M. LYONS, Director of U.S. Immigration and Customs Enforcement; Warden, West Tennessee Detention Facility; and CORECIVIC, INC., private detention contractor, | ) ) ) ) ) ) ) | No. 2:26-cv-02217-SHL-cgc |
| Defendants. | ) | |

**ORDER REQUIRING RESPONSE**

On March 2, 2026, Plaintiff Carlos Alberto Gutierrez Hidalgo filed a pro se Emergency Petition for Writ of Habeas Corpus. (ECF No. 2) In the petition, he sought immediate release from ICE custody, arguing that, after having been diagnosed with colon cancer while in detention, his "[c]ontinued detention without meaningful review" violated due process. (Id. at PageID 1–3.) Respondent Christopher Bullock responded on March 9, arguing that Gutierrez Hidalgo was making a "condition of confinement" claim, which might be brought under 42 U.S.C. § 1983, but which was not a proper habeas claim under 28 U.S.C. § 2241. (ECF No. 10 at PageID 107.) The Court held a hearing on the petition on March 16. (ECF No. 16.) The following day, the Court dismissed the petition without prejudice, explaining that, "to the extent that Gutierrez Hidalgo's claim regards the conditions of his confinement, a habeas petition is not the correct vehicle to achieve relief." (ECF No. 17 at PageID 174.)

Accordingly, on March 19, Gutierrez Hidalgo filed a pro se Motion for Leave to Amend

Petition and Convert to Civil Rights Action Pursuant to 42 U.S.C. § 1983.  (ECF No. 20.)  At the same time, he filed an Amended Civil Rights Complaint for Violation of the Fifth Amendment Pursuant to 42 U.S.C. § 1983 with Request for Emergency Injunctive Relief.[1]  (ECF No. 19.)  The Complaint alleges that Defendants "have failed to provide a complete diagnostic workup to confirm or rule out cancer" and "have failed to provide any meaningful medical treatment."  (Id. at PageID 178.)  It includes claims for "deliberate indifference to serious medical needs" and "unconstitutional conditions of confinement."  (Id. at PageID 181.)

For relief, he seeks "a Temporary Restraining Order and/or Preliminary Injunction directing Defendants to arrange a complete medical evaluation, including specialist referral and diagnostic workup, within 72 hours," and "a Preliminary Injunction ordering Defendants to provide Plaintiff with all medically necessary treatment for the duration of this action," or, in the alternative, immediate release from detention.  (Id. at PageID 182.)  He also seeks an order enjoining Defendants from "transferring, removing, or deporting Plaintiff while this action is pending, and staying any Voluntary Departure order during the pendency of this action."  (Id.)  Finally, he seeks "compensatory and nominal damages."  (Id.)

Courts "liberally" construe a pro se plaintiff's complaint, which "must be held to less stringent standards than formal pleadings drafted by lawyers."  Erickson v. Pardus, 551 U.S. 89,

---

[1] Gutierrez Hidalgo also filed with the Complaint four pro se motions.  In three of the motions—Emergency Motion for Immediate Release or Alternative Injunctive Relief (ECF No. 21), Emergency Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 23), and Emergency Motion for Stay of Removal and Stay of Voluntary Departure Order (ECF No. 24)—he requests relief that appears to be coterminous with the relief sought in the Complaint itself.  Out of an interest in judicial economy, therefore, these three Motions are **DENIED AS MOOT**.  However, a fourth motion—Emergency Motion to Expedite Consideration (ECF No. 22)—is **GRANTED IN PART**, in view of the dire allegations in the Complaint.  Although the Court will not at this time schedule an emergency hearing, it will set an expedited briefing schedule.

94 (2007) (quoting <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976)).  Here, Gutierrez Hidalgo has alleged sufficient facts to make out a § 1983 claim.  An expedited briefing schedule will be set.

Thus, it is **ORDERED** as follows:

(1)     Defendants shall answer or otherwise respond to the Complaint within **five days** of this Order.

(2)     Gutierrez Hidalgo may file a reply after Defendants' responsive filing.

(3)     Defendants shall not transfer Gutierrez Hidalgo out of the West Tennessee Detention Facility during the pendency of this action.

**IT IS SO ORDERED,** this 23rd day of March, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE

3