**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| CARLOS ALBERTO GUTIERREZ HIDALGO, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | |
| KRISTI NOEM, in her individual capacity as former Secretary, U.S. Department of Homeland Security; TODD M. LYONS, Director of U.S. Immigration and Customs Enforcement; Warden, West Tennessee Detention Facility; and CORECIVIC, INC., private detention contractor, | ) ) ) ) ) ) ) ) ) | No. 2:26-cv-02217-SHL-cgc |
| Respondents. | ) | |

**ORDER REOPENING CASE AND REQUIRING RESPONSE**

On March 2, 2026, pro se Petitioner Carlos Alberto Gutierrez Hidalgo filed an Emergency Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241.  (ECF No. 2.)  He sought relief based on inadequate medical care while in ICE custody.  (ECF No. 2 at PageID 2–3.)  After a hearing on the petition on March 16 (ECF No. 16), the petition was dismissed because, "to the extent that Gutierrez Hidalgo's claim regards the conditions of his confinement, a habeas petition is not the correct vehicle to achieve relief."  (ECF No. 17 at PageID 174.)  His case was closed.  (ECF No. 18.)

Then, on March 19, he filed a pro se Motion for Leave to Amend Petition and Convert to Civil Rights Action Pursuant to 42 U.S.C. § 1983. (ECF No. 20.)  At the same time, he filed his Amended Petition, alleging that Respondents "have failed to provide a complete diagnostic workup to confirm or rule out cancer" and "have failed to provide any meaningful medical treatment."  (ECF No. 19 at PageID 178.)  In response, Respondents filed a motion to dismiss,

arguing that (1) the Court had already entered a final judgment in this case, and thus there was nothing left for Gutierrez Hidalgo to amend, and (2) he fails to state a claim under § 1983, which applies to state actors, not to federal immigration authorities.[1]  (ECF No. 26 at PageID 297–299.)

On April 6, Gutierrez Hidalgo filed a reply, asking the Court to liberally construe his Amended Petition anew as a § 2241 habeas corpus petition.  (ECF No. 28 at PageID 311.)  He no longer argues for relief from the conditions of his confinement, but states that he seeks relief from his unlawful detention without a bond hearing under 8 U.S.C. § 1225(b)(2)(A).  (Id. at PageID 310–311.)

Because pro se filings are to be liberally construed, and because Gutierrez Hidalgo raises issues to which Respondents have not yet responded, it is **ORDERED** as follows:

(1)    This case shall be reopened.

(2)    Respondents shall respond to Petitioner's Opposition to Respondents' Motion to Dismiss Amended Petition (ECF No. 28) in writing within **five days** of this Order.

(3)    Gutierrez Hidalgo may file a reply after Respondents' responsive filing.

(4)    Respondents shall not transfer Gutierrez Hidalgo out of the West Tennessee Detention Facility during the pendency of the Petition.

**IT IS SO ORDERED,** this 9th day of April, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Respondents also move for the substitution of Christopher Bullock, Field Office Director of Immigration and Customs Enforcement, New Orleans Field Office, Immigration and Customs Enforcement, "as the sole Respondent in the § 2241 case, and the dismissal of all remaining Respondents."  (ECF No. 26 at PageID 295 n.2.)  The Motion is **GRANTED**. Christopher Bullock shall be the lone Respondent.