**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| CARLOS ALBERTO GUTIERREZ HIDALGO, | ) ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | |
| | ) | No. 2:26-cv-02217-SHL-cgc |
| CHRISTOPHER BULLOCK, Field Office Director of Immigration and Customs Enforcement, New Orleans Field Office, Immigration and Customs Enforcement, | ) ) ) ) ) | |
| Respondent. | ) ) | |

**ORDER DISMISSING AMENDED PETITION**

On March 2, 2026, pro se Petitioner Carlos Alberto Gutierrez Hidalgo filed an

Emergency Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241.  (ECF No. 2.)  He

sought relief based on inadequate medical care while in ICE custody.  (ECF No. 2 at PageID 2–

3.)  After a hearing on the petition on March 16 (ECF No. 16), the petition was dismissed

because, "to the extent that Gutierrez Hidalgo's claim regards the conditions of his confinement,

a habeas petition is not the correct vehicle to achieve relief."  (ECF No. 17 at PageID 174.)  His

case was closed.  (ECF No. 18.)

Then, on March 19, he filed a pro se Motion for Leave to Amend Petition and Convert to

Civil Rights Action Pursuant to 42 U.S.C. § 1983. (ECF No. 20.)  At the same time, he filed his

Amended Petition, alleging that Respondent "ha[s] failed to provide a complete diagnostic

workup to confirm or rule out cancer" and "have failed to provide any meaningful medical

treatment."  (ECF No. 19 at PageID 178.)  In response, Respondent filed a motion to dismiss,

arguing that Gutierrez Hidalgo failed to state a claim under § 1983, which applies to state actors,

not to federal immigration authorities.  (ECF No. 26 at PageID 297–299.)

On April 6, Gutierrez Hidalgo filed a reply, asking the Court to liberally construe his Amended Petition anew as a § 2241 habeas corpus petition.  (ECF No. 28 at PageID 311.)  He no longer argues for relief from the conditions of his confinement, but states that he seeks relief from his unlawful detention without a bond hearing under 8 U.S.C. § 1225(b)(2)(A).  (Id. at PageID 310–311.)  Because pro se filings are to be liberally construed, the Court ordered Respondent to respond to the Amended Petition.  (ECF No. 30.)

In his response, Respondent argues that Gutierrez Hidalgo's habeas petition should be dismissed as moot.  (ECF No. 31 at PageID 319.)  He asserts that Gutierrez Hidalgo is not detained under 8 U.S.C. § 1225, but under 8 C.F.R. § 240.25, because "he has a final order granting voluntary departure under safeguards."  (Id.)  "[T]he term 'voluntary departure with safeguards' is commonly used to characterize the requirement that an alien remain in custody until he or she departs from the United States."  (Id. at Page ID 322 (quoting In re M–A–S–, 24 I. & N. Dec. 762, 766 (B.I.A. 2009).)  Although Gutierrez Hidalgo contends that § 1226(a) applies to his detention, according to Respondent, "§ 1226(a) only applies 'pending a decision on whether the alien is to be removed from the United States.'"  (Id. at PageID 323 (quoting 8 U.S.C. § 1226(a)).)  Here, however, it has already been decided that he is to depart this country.

Because Gutierrez Hidalgo is not detained under § 1225, but under 8 C.F.R. § 240.25, he is not unlawfully detained and thus is ineligible for habeas relief.  See 8 C.F.R. § 240.25(b) ("The Service may attach to the granting of voluntary departure any conditions it deems necessary to ensure the alien's timely departure from the United States, including the posting of a bond, continued detention pending departure, and removal under safeguards.").  Thus, his Amended Petition is **DISMISSED**.

**IT IS SO ORDERED,** this 11th day of May, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE